UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VA
RICHMOND DIVISION

IN RE:
SHANNON NICOLE BRAGG
Debtor(s)

U.S. Bank National Association as trustee under Pooling and
Servicing Agreement Dated as of August 1, 2006 MASTR Asset
Backed Securities Trust 2006 HE3 Mortgage Pass-Through
Certificates Series 2006 HE3
or present noteholder,    BCN#: 08-35944\KRH
Movant/Secured Creditor,    Chapter: 13
v.
SHANNON NICOLE BRAGG    CONSENT ORDER
Debtor(s)
And

CARL BATES
    Trustee
    Respondents

Whereas, the parties are in agreement;

IT IS ORDERED that the Automatic Stay of 11 U.S.C. §362(a) is hereby terminated so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the real property designated as 1906 5TH AVENUE, Richmond, VA 23222.

IT IS FURTHER ORDERED that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order.

Trenita Jackson-Stewart, VSB# 48412
Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462
757-687-8777
08-137645V

IT IS FURTHER ORDERED that the Debtor(s) shall cure post-petition arrears of $5,198.54, that includes payments for December 1, 2008 in the amount of $1,041.98, monthly payment for January, 2009 in the amount of $1051.94, payments for February and March, 2009 in the amount of $1066.35 each, late charges from December 15, 2008 through March 15, 2009 in the amount of $42.98 each, attorney fees in the amount of $650.00, filing fees in the amount of $150.00, .

IT IS FURTHER ORDERED AND AGREED that the Debtor(s) shall place arrears of $5,198.54 into an amended plan to be filed within ten (10) days of entry of this order. Regular monthly payments are to resume with the payment due on April 1, 2009.

IT IS FURTHER ORDERED AND AGREED that the Movant, upon receipt of the aforesaid amended plan, shall be allowed to file an amended proof of claim reflecting both the pre-petition and post –petition arrears to be paid pursuant to this consent order.

IT IS FURTHER ORDERED AND AGREED that should the Debtor fail to timely file an amended plan allowing for the pre-petition and post-petition arrears as outlined in this order, or should any proposed amended plan fail to be confirmed, or should the Debtor default for a period of thirty days in making future monthly post-petition payments, commencing with the payment due April 1, 2009, or if any payments which have been acknowledged in the calculation of the mortgage arrears in this Order, but which subsequently are determined to be non-negotiable for any reason, the Movant may file with this Court and mail to the Debtor(s), the Debtor(s) attorney and the Chapter 13 Trustee a Notice of Default setting forth the amount and nature of the alleged default under the terms of this Order.

If the proposed plan fails to be confirmed, the Movant shall file a Notice of Request for Hearing to request that the Court issue an Order terminating the Automatic Stay of 11 U.S.C. §362(a) with respect to the Movant so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the subject property.

If the Movant is not brought completely post petition current within 10 days of mailing of the Notice of Default pursuant to this Agreed Order or if no response is filed to said notice denying the default, specifically referencing the amounts paid by the Debtor(s) since the entry of the Order by check and money order number and requesting a hearing, upon filing of Notice of Secured Creditor's Right to Commence Foreclosure the Movant shall be free to proceed in accordance with State Law and its deed of trust to foreclose upon its security interest with regard to the property with an address of 1906 5TH AVENUE, Richmond, VA 23222, and more particularly described in the Deed of Trust dated May 26, 2006 and recorded , among the land records of the said city/county, as:

> ALL THAT CERTAIN LOT OR PARCEL OF LAND, TOGETHER WITH THE DWELLING THEREON KNOWN AS 1906 FIFTH AVENUE, LYING AND BEING IN THE CITY OF RICHMOND, VIRGINIA, AND MORE FULLY DESCRIBED AS FOLLOWS: BEGINNING AT A POINT DISTANT 90' NORTH OF CHESTNUT STREET; THENCE EXTENDING NORTHWARDLY ALONG THE SAID WESTERN LINE OF FIFTH AVENUE 45' AND THENCE EXTENDING BACK FROM SAID FRONTAGE BETWEEN PARALLEL LINES 140' TO AN ALLEY 20' WIDE, MORE OR LESS, BEING LOT NO. 14 AND THE SOUTHERN HALF OF LOT 15, BLOCK 28, ON THE PLAT OF CHESTNUT HILL, ALL AS SHOWN ON PLAT OF SURVEY BY PHILLIP H. BROOKS, CLS, DATED MARCH 19, 1974.

IT IS FURTHER ORDERED AND AGREED that acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance provisions of this Order shall terminate upon the expiration of the ten day period in

the absence of complete cure notwithstanding partial payment.

IT IS FURTHER ORDERED AND AGREED that the Debtor's right to cure shall be limited to two (2) such opportunities and that upon the filing of a third Notice of Default under the terms of this Order, there shall be no further opportunity to cure and the Movant may proceed to foreclose its security interest in the subject real property as described above.

IT IS FURTHER ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the bankruptcy code, or dismissed or discharged, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this Order shall terminate upon conversion, dismissal or discharge. Relief granted under the terms of this Order shall also survive any subsequent conversion by the Debtor(s) to a case under any other chapter of the bankruptcy code.

IT IS FURTHER ORDERED AND AGREED that subsequent to any foreclosure sale of the subject property conducted by Movant, or its successors or assigns, the Secured Creditor may take all lawful actions to take possession of the Subject Property.

IT IS FURTHER ORDERED AND AGREED that upon filing of a third Notice of Default or Notice of Secured Creditor's Right to Commence Foreclosure, F.R.B.P. 4001(a)(3) is not applicable in this instant case and U.S. Bank National Association as trustee under Pooling and Servicing Agreement Dated as of August 1, 2006 MASTR Asset Backed Securities Trust 2006 HE3 Mortgage Pass-Through Certificates Series 2006 HE3 may immediately enforce the provisions of this Order.

IT IS FURTHER ORDERED AND AGREED that upon the filing of Notice of Secured Creditor's Right to Commence Foreclosure or a third Notice of Default, the Trustee will be relieved from the obligation of making any further payments upon any secured claim filed by U.S. Bank National Association as trustee under Pooling and Servicing Agreement Dated as of August

1, 2006 MASTR Asset Backed Securities Trust 2006 HE3 Mortgage Pass-Through Certificates Series 2006 HE3.

Date:_____   By the Court:

_____
The Honorable Kevin R Huennekens, U.S. Bankruptcy Court
UNITED STATES BANKRUPTCY JUDGE

Notice of Judgment or
Order Entered on Docket:_____

I ask for this:

/s/ TRENITA JACKSON STEWART
_____
Trenita Jackson Stewart, Counsel for Movant

Seen; Agreed:
/S/ SUZANNE WADE
_____
SUZANNE WADE, Counsel for Debtor

I certify that this proposed Order has been endorsed by all necessary parties.
/S/ TRENITA JACKSON STEWART
_____
TRENITASTEWART, Counsel for Movant

Copies of this order are to be sent to:

SHAPIRO & BURSON, LLP
236 CLEARFIELD AVENUE, SUITE 215

VIRGINIA BEACH, VA 23462

JOHN RUSSELL BOLLINGER
P.O. BOX 11588
RICHMOND, VA 23230-1588

CARL M. BATES
P.O. BOX 1819
RICHMOND, VA 23218


SHANNON NICOLE BRAGG
1906 5TH AVENUE
Richmond, VA 23222